IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOB T. HENDERSON**                                                                                          **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 5:25-cv-00114-DCB-BWR**

**STATE OF MISSISSIPPI, et al.**                                                                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed his Complaint on October 16, 2025, *pro se* Plaintiff Bob T. Henderson was an inmate housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Compl. [1] at 2. His claims arise under 42 U.S.C. § 1983, and he names the State of Mississippi, Steven Russin, Warden Randy, Mike Unknown, Lincoln Co Jail, and Warden Blue as Defendants. *Id*. at 1-3. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed without prejudice for Plaintiff's failure to obey the Court's orders and to prosecute.

### I. BACKGROUND

On October 31, 2025, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., the Court mailed Plaintiff a packet of information relevant to the prosecution of this lawsuit. Order [3]. Plaintiff was ordered to review the information and return one of two forms within thirty days. *Id*. at 1. If he wishes to proceed with this case, Plaintiff was ordered to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id*. If he wishes to dismiss this case, Plaintiff was ordered to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was "warned that his . . . failure to return one or the other of the forms

within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." *Id*. at 2 (emphasis omitted). That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [3] by the thirty-day deadline.

On December 12, 2025, the Court ordered Plaintiff to show cause "in writing and explain why this case should not be dismissed for failure to comply with the Court's Order [3]." Order [4] at 2. Plaintiff's responsive deadline was extended to December 29, 2025, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." *Id*. The Order to Show Cause [4] and a copy of the Court's October 31 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable. Plaintiff did not comply with the Order to Show Cause [4] by the December 29 deadline.

On January 9, 2026, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [4] [3]." Order [5] at 2. Plaintiff was directed to file a written response on or before January 23, 2026. *Id*. Plaintiff was also directed, on or before the January 23 deadline, to comply with the Court's October 31 Order [3] "by following the instructions outlined therein." *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address ***will be*** deemed a purposeful delay and contumacious act by Plaintiff and ***will result*** in this lawsuit being dismissed without prejudice

2

and without further notice to him." *Id*. at 2-3 (emphases in original).  Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [3]." *Id*. at 3.  The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [4], and a copy of the October 31 Order [3] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's October 31, December 12, or January 9 Orders [3], [4], [5] or otherwise contacted the Court about his case he filed the Complaint on October 16, 2025.  Despite independent research, the Court has been unable to determine Plaintiff's current address.

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has been pending for almost four months but has yet to progress past its infancy

because of Plaintiff's failure to comply with the Court's Orders.  Specifically, Plaintiff did not comply with three Court Orders [3], [4], [5] after being warned four times that failing to do so may lead to the dismissal of his case.  *See* Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [4] at 2; Order [3] at 2; Notice of Assignment [1-1] at 1.  Despite these warnings, Plaintiff has failed to take any action whatsoever in this case since he filed his Complaint on October 16, 2025.  Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff, and it is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED**, this  12th  day of February, 2026.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

4